33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Louise PARSONS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1256.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1994.
Decided Aug. 22, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-93-583-2)
 Brian Joseph Skinner, Appalachian Research & Defense Fund, Inc., Logan, WV, for appellant.
 Thomas S. Inman, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, PA, for appellee.
 Kathleen Strasbaugh, Appalachian Research & Defense Fund, Inc., Williamson, WV, for appellant.
 Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Robert Drum, Asst. Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, PA; Rebecca A. Betts, U.S. Atty., Carol A. Casto, Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The district court entered judgment affirming the Administrative Law Judge's denial of Appellant's application for Social Security disability benefits. We affirm because we find substantial evidence in the record to support the ALJ's decision. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).
 
 
 2
 Appellant Parsons is over fifty years old and a high school graduate. She can read and write and keep a checking account, although IQ testing reveals her intelligence to be borderline to dull normal. Besides working as a nurse's aide before marriage and briefly as a cook thereafter, Parsons has not worked outside the home. She has, however, maintained her home and raised her son. In September of 1990 she suffered a major depressive episode; although not hospitalized, she was prescribed anti-depressant medication and began outpatient therapy with Sherry Church, a psychologist.
 
 
 3
 She filed for benefits September 21, 1990, alleging disability due to depression, lack of education, and poor eyesight. Following a hearing, the ALJ concluded that Parsons was not disabled. He determined that she did not meet or equal any of the presumptively disabling medical impairments listed in 20 C.F.R. Chapter III, Part 404, Sub part P, Appendix 1 (the "Listings"). He found that she had no past relevant work and that she had a residual functional capacity to perform the exertional requirements of medium work. He further found that the medical evidence demonstrated that her residual functional capacity was limited by several non-exertional factors, including the following: (1) She is an older individual with no job skills and a twelfth-grade education; (2) she has "good ability" to understand, remember, and carry out simple or complex job instructions, to relate predictably in social situations, and to demonstrate reliability (but she has some intellectual impairment that requires the use of "extreme caution" to confirm she has understood instructions); (3) she has "fair ability" to deal with work stress, function independently, maintain personal appearance, and behave in an emotionally stable manner; and (4) she has a history of decompensation under stress, so a strong on-the-job support system would be needed.
 
 
 4
 On the basis of testimony by a vocational expert, the ALJ determined that there were significant numbers of unskilled medium, light, and sedentary jobs in the national economy that Parsons could perform, including janitor (5,000 jobs regionally, 500,000 jobs nationally), housekeeper/custodian (5,000 jobs regionally, 500,000 jobs nationally), laundry worker (2,500 jobs regionally, 250,000 jobs nationally), cook (5,000 jobs regionally, 500,000 jobs nationally), telephone worker (3,000 jobs regionally, 300,000 jobs nationally), sales clerk (3,000 jobs regionally, 300,000 jobs nationally), receptionist (3,000 jobs regionally, 300,000 jobs nationally), and sedentary cashier (1,500 jobs regionally, 300,000 jobs nationally). The ALJ therefore found that Parsons was not disabled under 20 C.F.R. Sec. 416.920(f).
 
 
 5
 Parsons challenges the decision of the ALJ on three main grounds. She contends (1) that the ALJ erred in finding that she did not meet or equal section 12.04 (Affective Disorders) of the Listings, (2) that the ALJ failed to pose a complete and accurate hypothetical to the vocational expert, and (3) that the vocational expert's testimony provided an insufficient basis for the ALJ's finding that there were a significant number of jobs in the national economy Parsons could perform, and therefore she was not disabled.
 
 
 6
 After reviewing the record, we find no merit in Parsons's contentions. First, the treatment notes of Parsons's psychologist (Church) demonstrate that Parsons has steadily recuperated from her depression with medication and therapy and that her ability to function socially and her capacity to handle stress have improved. In addition, evaluations of Parsons by an examining psychologist, a consultative psychologist, and a consultative psychiatrist support the conclusion that her condition neither meets nor equals any of the Listings.[1] Second, as prescribed by Fourth Circuit precedent, see, e.g., Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir.1989), the ALJ's hypothetical to the vocational expert thoroughly and fairly set out Parsons's impairments. The hypothetical incorporated all limitations ascribed to Parsons in the April 1992 and September 1992 "Medical Assessment[s] of Ability to do Work-Related Activities (Mental)" completed by Church, and the ALJ's decision reflected consideration of Parsons's own testimony and all the medical evidence in the record. Moreover, Parsons's representative cross-examined the vocational expert with questions encompassing many of Parsons's alleged limitations that the ALJ did not articulate, including symptoms of decompensation such as frequent crying and violent outbursts.[2] The ALJ incorporated the expert's responses to Parsons's representative's questions into his recitation of the evidence underlying his decision. Third and finally, even discounting those jobs (such as cashier or toll collector) that Parsons argues are inappropriate for her due to lack of supervision, her intellectual limitations, or stressful conditions, and further discounting those jobs (such as janitor or parking lot attendant) that the vocational expert conceded might be limited in suitability depending on the demands of individual positions, there still remain a significant num ber of jobs that Parsons could perform in the national economy. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir.1989) (finding 1266 jobs in the local economy significant); Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988) (finding 1350 jobs in the local economy significant).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 Parsons specifically cannot meet or equal section 12.04 of the Listings, because although she arguably satisfies a requisite number of the criteria under section 12.04(A), the evidence does not support a finding that her ability to function is impaired enough to meet or equal the requisite number of criteria under section 12.04(B). Subsections A and B both must be satisfied to meet or equal section 12.04
 
 
 [2]
 Although the vocational expert testified that such behavior would interfere significantly with Parsons's ability to perform many of the enumerated jobs, the ALJ noted the treating psychologist's (Church's) assessment that if Parsons has a strong support group and maintains psychotherapy and medication, she should be able to avoid decompensation